IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Cedric Wise, #312547,  ) | |
| ) | Civil Action No. 6:10-979-RMG-KFM |
| Plaintiff, ) | Civil Action No. 6:-10-1267-RMG-KFM |
| ) | |
| vs. ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| McKither Bodison, et al., ) | |
| ) | |
| Defendants. ) | |

The plaintiff, proceeding *pro se*, brought these actions seeking relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On September 17, 2010, the defendants filed a motion to dismiss or, in the alternative, for summary judgment. On September 20, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff elected not to respond to the motion.

As the plaintiff is proceeding *pro se*, the court filed a second order on November 10, 2010, giving the plaintiff through December 6, 2010, to file his response to the motion to dismiss or, in the alternative, for summary judgment. The plaintiff was specifically advised that if he failed to respond, these actions would be dismissed for failure to prosecute. The plaintiff elected not to respond.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989), *cert. denied,* 493 U.S. 1084 (1990). In considering

whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present cases, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no responses have been filed. Meanwhile, the defendants are left to wonder when the actions against them will be resolved. The plaintiff has not responded to the defendants' motion for summary judgment or the court's orders requiring him to respond. Accordingly, the undersigned concludes the plaintiff has abandoned these lawsuits. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue these actions. Accordingly, it is recommended that these actions be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

January 6, 2011  
Greenville, South Carolina

s/Kevin F. McDonald  
United States Magistrate Judge